Joe and Esther **BEGAY** and Louise Jane Begay, Plaintiffs–Appellants,

v.

The **UNITED STATES,** Defendant–Appellee.

No. 88–1011.

United States Court of Appeals, Federal Circuit.

Decided Dec. 5, 1988.

Unpublished Opinion Issued Dec. 5, 1988.

Published Opinion Issued Jan. 6, 1989.*

* This opinion is being published at the request of the United States, which has also requested that the Claims Court publish its opinion.

Lee Brooke Phillips, Big Mountain Legal Office, Flagstaff, Ariz., argued for plaintiffs-appellants.

Vicki L. Plaut, Land & Natural Resources Div., Dept. of Justice, Washington, D.C., argued for defendant-appellee. With her on the brief were Roger J. Marzulla, Acting Asst. Atty. Gen., Edward J. Shawaker and Edward J. Passarelli.

S. Barry Paisner, Navajo–Hopi Legal Services Program, Tuba City, Ariz., was on the brief for amicus curiae.

Before FRIEDMAN, ARCHER and MICHEL, Circuit Judges.

ARCHER, Circuit Judge.

Joe and Esther Begay and Louise Jane Begay appeal the summary judgments of the United States Claims Court, Nos. 268–85L and 335–85L (August 7, 1987), dismissing their complaints and thus denying their claims to certain economic, social, cultural and psychological damages associated with their relocation pursuant to the Navajo and Hopi Indian Settlement Act, 25 U.S.C. § 640d, *et seq.* (1982) (Settlement Act). We affirm.

The facts are fully set forth in the opinion of the Claims Court, 16 Cl.Ct. 107, and are not repeated here.

On appeal, the Begays have reiterated their alleged entitlement to damages for "social, economic, cultural and psychological harm" based on breach of statutory duty and breach of trust theories. Excluded from the damages claimed are those economic benefits expressly provided by the Settlement Act, namely purchase of a relocatee's property, provision of a replacement dwelling, moving expenses and bonuses for early relocation. *See* 25 U.S.C. §§ 640d–13(b), 14(a), 14(b)(1) and (2). Indeed, the Claims Court found, and the Begays do not dispute, that the appellants had received "all economic benefits listed above, [and] due them under the Act."

The Begays seek instead damages for injuries they contend are traceable to the failure of the Relocation Commission, established by the Settlement Act, to provide decent, safe and sanitary housing and to protect them from the economic, psychological, cultural and social upheaval of relocation. They argue, in essence, that because the Settlement Act was intended to provide them "decent, safe and sanitary" housing, they are entitled to greater sums than the statute prescribed if they are necessary to achieve that goal. In their view, that goal was not attained and they allege their "psychological, social or cultural" injuries must be treated as direct, not consequential, and therefore compensable. They argue further that the failure of the Relocation Commission to provide them with counselling and assistance to avoid their "psychological cultural or social" injuries entitles them to money damages for those injuries. The total amount claimed by each of the appellants is one million dollars.

The Claims Court, in an exhaustive opinion, analyzed each of the Begays' contentions in great detail. It determined that the Settlement Act could not be "fairly interpreted as mandating compensation by the Federal Government" for damages other than the specific relocation benefits outlined above. *See United States v. Testan,* 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). It held that the statute on which the Begays base their claim for additional damages, 25 U.S.C. § 640d–12(c)(2) (1982), does not impose any such monetary liability on the government. The court noted that the text of the statute makes clear that other impacts of the relocation were only to be taken into account and avoided "to the extent possible." *See id.*

With respect to the Begays' trust claim, the Claims Court found lacking two of the essential elements of a common law trust. The court determined that "all tangible monetary benefits of the Act were paid to [appellants]" and that there was nothing that could "reasonably be view[ed] as the trust corpus." *See United States v. Mitch-*

232 of 3

232

*ell,* 463 U.S. 206, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). Moreover, the court found that the Act does not evince Congressional intent to create a trust.

Finally the court determined that even if a trust were established, the types of damages sought by the Begays were consequential (and incidental) to their relocation and were not of the type available under traditional trust doctrines. *See Duncan v. United States,* 229 Ct.Cl. 120, 667 F.2d 36 (1981), *cert. denied,* 463 U.S. 1228, 103 S.Ct. 3569, 77 L.Ed.2d 1410 (1983).

After considering fully the arguments of the parties, we are not persuaded that the Claims Court's decision is based on findings of fact that are clearly erroneous or on erroneous conclusions of law.

AFFIRMED.