878 F.2d 1445
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Benjamin FRANCO, Paul Trittschuh II, Randy Mintz, Brenda
Ferrer, Abraham Aponte, Thomas Yeager, Lily Ortiz, James
Keech, Linn Wallace, Judy Sholy and Scepter, Inc., for
themselves and on behalf of all others similarly situated,
Plaintiffs-Appellants,
and
Rashid Abdur-Rahman, Marjorie Adams, Lawrence Albert, Noemi
Alcaide, Diane K. Ammons, Ruth Andrews, Juanita Angueira,
Nora Arias Avila, Ann Barron, Bette Bender, Helen Beraza,
Susannah Benson, Dolores Bielecki, Iris Bland, Robert Bland,
Sydney Burset, Gregory Bush, Zaida Cacho, Joan Campbell,
Naomi Dafini Corbin, Amalia Carrasquillo, Victor Castro,
Joseph Cherry, Jacqueline Barter Clark, Sharon L. Crane,
Carmen Colberg, Howard Conway, Aida Coriano, Cynthia Costa,
Delia Costa, Noel Costa, Laurie Crespo, Esperanza Escobar
Dadaian, Jean Davis, Delia Decorral, Aida De La Matta, Maria
Rodriguez Deyeager, Thomas Dodd, Maxine Edmisten, Ruth
Elberson, Carl Engebretson, Hector Franco, Hector Garcia,
Luldes Giraud, Thelma Gorney, Virginia Goyanes, Gloria
Goytia, Gerson Gurell, Peggy Halpern, Anderlyn Harrison,
Marcia Hellmold, Elizabeth Hennig, Myron Herrick, Josefina
Higuera-Pereda, Elaine Hinman, Wilma Hocking, Carol Holland,
Merlin Howell, Maria James, Waynna Laura James, Nancy
Janoson, Elizabeth Jenkins, Abby Jensen, Gordon Johnson,
Nathalie Joy Justicia, Marianne Kavanaugh, Doris Keech,
Audrey Kriss, John Ladd, Paula Ladd, Joseph Laframboise,
Anne Latham, Nancy Lee, Francis Lewis, Maria E. Lipuscek,
Johanna Lopez, Alma Luke, Eileen MacMackin, Awilda
Maldonado, Nilda Maldonado, Isis Martinez, Joyce Bryan
Marzullo, James McAllister, Maria McCurdy, Grant McFeron,
Nancy McHarg, Roberson McKinney, James Merrick, Frederick
Miller, Janet Koncick Mintz, Pauline Miranda, Barbara
Mitchell, Gladys Montalvo, Gloria Montalvo, Margot Moskonas,
Edna Negron, Roberto Negron (Estate), Gwen Negron, Elizabeth
Nieves, Frances Nochera, Bernadette O'Brien, Jack O'Leary,
Sara Olivencia, Peggy C. Oliver, Tonilee Oliverio, Floyd
Olson, Socorro Ortiz, Henry Otero, Valerie Owen, Carl
Pachucki, Bonnie Palmer-Govero, Linda Parker, Vince Parton,
Doris Patridge, Elizabeth Pawson, Antoinette Torres Perez,
Laura Perez, Donald Peters, Pamela Porter, Nicolas
Quinones-Coll, David O. Quintin, Erle Ramsey, Ignacio
Reinosa, Herbert Rien, Jean Rien, Shirley Riley, William
Rimel, Carmen Rivera, Lillian M. Rivera, Yolanda Rivera,
Nadja Robinson, Jean Rodriguez, Ann Roettger, Herald
Roettger, Jr., Nilda Roman, Roberto Rosales, Laverne Jean
Ruiz, Clifton Rush, Mary Ann Rush, Celestino Santiago, Daisy
C. Schneider, Herschel Sessions, Jerome Sicinski, Doris
Sierra, Frank Smith, Maxine Smith, Theresa A. Smith, Mary
Smolen, George G. Snyder, Mark Soderberg, Jose Solis, Jr.,
Lynda Southworth, Karen Spurgeon, Marilyn Stalzer, Guadalupe
Sumner, Evelyn Switzer, Sandra Switzer, Helen Szczesniak,
Cathleen Torres, Ellyha Torres, Alice Urbiztondo, Jerry Van
Buren, Santos Vazquez, Julie Wallace, Lee Walsh, Richard
Wilbur Washburn, Sharon Weidlein, Stephen Weidlein, Milton
H. Weiss, John Wells, John White, Lynn White, Pamela A.
Woodard, Isabel Williams, Martha Jane Williams, Lucy Wilson,
Pamela Wilson and Virginia Woollis, Plaintiffs-Appellants,
v.
The UNITED STATES, Defendant-Appellee.
 No. 89-1012.
 United States Court of Appeals, Federal Circuit.
 May 16, 1989.
Rehearing Denied June 13, 1989.
 
 Before MARKEY, Chief Judge, and PAULINE NEWMAN and ARCHER, Circuit Judges.
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 Appellants, employees of the Antilles Consolidated School System in Puerto Rico, appeal the summary judgment of the United States Claims Court, Franco, et al. v. United States, 15 Cl.Ct. 283 (1988), dismissing their claims for additional pay based on 20 U.S.C. Sec. 241(a) (1982), the Back Pay Act and/or their collective bargaining agreement. We affirm.
 
 OPINION
 
 2
 None of the claims for relief stated in the appellants' complaint is sufficient to invoke the Claims Court's Tucker Act jurisdiction. It is undisputed, and the Claims Court so found, that appellants received for the years at issue "compensation equal to that of comparable [District of Columbia public school] personnel" to which their pay is linked by 20 U.S.C. Sec. 241(a), Franco, 15 Cl.Ct. at 284. Appellants are, therefore, not entitled to additional compensation under section 241(a), even though their hours of work may have exceeded those of comparable D.C. public school teachers. Cf. Begay v. United States, 865 F.2d 230 (Fed.Cir.1988) (holding that the statutory entitlement to monies under 25 U.S.C. Sec. 640(d) (1982) was a ceiling with respect to the Claims Court's Tucker Act jurisdiction). The proper form of relief to redress appellants' injury is not the payment of money damages but an adjustment in the hours they are required to work. Such a remedy, however, is beyond the jurisdiction of the Claims Court.
 
 
 3
 Similarly, the Back Pay Act cannot be availed of here because the alleged unwarranted personnel action has not "resulted in the withdrawal or reduction" of appellants' pay. They seek only additional compensation. See 5 U.S.C. Sec. 5596(b)(1) (1982 & Supp. V 1987).
 
 
 4
 Appellants also argue that the government is liable for damages based on their collective bargaining agreement. That agreement, however, does not impose any greater fiscal obligation on the government than section 241(a). If section 241(a) does not entitle appellants to additional pay, they cannot state a claim for damages upon a contract requiring compliance with that very same statutory provision. Cf. Army & Air Force Exchange Service v. Sheehan, 458 U.S. 728, 739-40, (1982) (contract implied from employment regulations cannot support a Tucker Act claim against the United States where the regulations alone do not support jurisdiction).
 
 
 5
 PAULINE NEWMAN, Circuit Judge, concurs in result.